FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2017 DEC -1  AM 10:27

JACKSONVILLE FL.

| | |
|---|---|
| Tavaris Fluellen, Kristi Kutzke and<br>Lorinda Payne, | CASE NO: 3:17-cv-1343-J-25JBT |
| Plaintiffs, | **COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**THE FLORIDA CONSUMER** |
| v. | **COLLECTION PRACTICES ACT**<br>**AND OTHER EQUITABLE RELIEF** |
| Diversified Consultants, Inc., | |
| Defendant. | **JURY DEMAND ENDORSED**<br>**HEREIN** |

/

## PARTIES

1.    Plaintiff, Tavaris Fluellen ("Tavaris"), is a natural person who resided in Conyers, Georgia, at all times relevant to this action.

2.    Plaintiff, Kristi Kutzke ("Kristi"), is a natural person who resided in Green Cove Springs, Florida, at all times relevant to this action.

3.    Plaintiff, Lorinda Payne ("Lorinda"), is a natural person who resided in Rayville, Louisiana, at all times relevant to this action.

4.    Defendant, Diversified Consultants, Inc. ("DCI"), is a Florida corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

6.      Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over each Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with each Plaintiff's claims under the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

7.      Pursuant to 28 U.S.C. § 1391(b), venue is proper because DCI resides in this judicial district.

## JOINDER

8.      Rule 20 of the Federal Rules of Civil Procedure provides, in part:

(a) PERSONS WHO MAY JOIN OR BE JOINED.

(1) Plaintiffs. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

*See* Fed. R. Civ. P. 20(a).

9.    "Under the [Federal] Rules, the impulse is toward entertaining the broadest possible
      scope of action consistent with fairness to the parties; joinder of claims, parties and
      remedies is strongly encouraged." *See United Mineworkers of Am. V. Gibbs*, 383 U.S.
      715, 724, 86 S. Ct. 1130, 1138 (1966).

10.   "Rule 20 should be construed in light of its purpose, which is to promote trial
      convenience and expedite the final determination of disputes, thereby preventing
      multiple lawsuits." *See Jones v. Culver Franchising Sys., Inc.*, 12 F. Supp. 3d 1079,
      1091 (N.D. Ill. 2013); *quoting Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 515
      (N.D. Ill. 2000).

11.   In order for joinder to be appropriate under Rule 20, the "plaintiffs' claims must arise
      out of the same transaction or occurrence or series of transactions or occurrences, and
      there must be a question of law or fact common to all the plaintiffs' claims." *See
      Jones*, at 1091 (N.D. Ill. 2013).

12.   "The common question need not predominate; that's a requirement for class actions;
      not for permissive joinder." *See Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir.
      2011).

13.   Allegations of a company-wide policy that violates federal law have been held
      sufficient to establish that multiple plaintiffs' claims "arise out of the same series of
      transactions or occurrences." *See Jones*, at 1091.

14.   In the FDCPA context, allegations by multiple plaintiffs that they were subjected to
      the same collection practices by a single debt collector support joinder under Rule 20.
      *See Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 888-89 (S.D. Ohio 2003).

15. Joinder of Plaintiffs in FDCPA, and violation of State Collection Law Statues satisfy Rule 20's logical relationship requirement since they spring from the same transaction or occurrence and allowing multiple Plaintiffs to bring one lawsuit against one Defendant satisfies the interests of judicial economy, cost savings, and consistency of rulings. *See Croston, et al. v .I.C. System, Inc.,* 2016 WL 6211734, (M.D. Florida 2016),

16. Joinder is particularly appropriate at the pre-trial stage of litigation where "the alleged acts occurred are quite similar for each [p]laintiff with the majority of each [p]laintiff's allegations occurring [during a limited time period]." *See Nelson v. Chertoff,* 2008 U.S. Dist. LEXIS 82981, *16 (N.D. Ill. Sep. 10, 2008).

## ADDITIONAL FACTORS SUPPORTING JOINDER

17. The witness(es) that DCI will produce in response to a notice of deposition pursuant to Rule 30(b)(6) will likely be the same individual(s) for each Plaintiff.

18. The information that DCI will provide in response to interrogatories related to DCI's policies, practices, and procedures will likely be the same, or substantially similar, for each Plaintiff.

19. The evidence that DCI will produce in response to requests for production of documents related to DCI's policies, practices and procedures will likely be the same, or substantially similar, for each Plaintiff.

20. Joinder will allow a single trier of fact to assess the pattern and frequency of DCI's alleged misconduct, which is a relevant factor in the legal issues and damages in this case.

-4-

21.  Joinder avoids the need to conduct multiple trials and empanel multiple juries to resolve fairly straightforward claims that DCI violated the FDCPA.

## ALLEGATIONS OF FACT COMMON TO ALL PLAINTIFFS

22.  At all times relevant to this action, DCI collected consumer debts.

23.  DCI regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

24.  The principal source of DCI's revenue is debt collection.

25.  DCI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

26.  DCI is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

27.  As described, *infra*, DCI contacted each Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

28.  Each alleged obligation DCI was seeking to collect is a "debt" as defined by 15 U.S.C. §1692a(5).

29.  Each alleged obligation DCI was seeking to collect is a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

30.  Each Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

31.  Each Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(8), and is a person whom the FCCPA is intended to protect.

32.  Within the past twelve (12) months, DCI called each Plaintiff on multiple occasions in connection with the collection of a debt.

33.  Each Plaintiff, on at least one occasion, verbally communicated his or her desire that DCI cease calling him or her.

34.     Notwithstanding these communications, DCI continued to call each Plaintiff in connection with the collection of a debt.

35.     DCI's policy and practice is that when a consumer verbally communicates his or her desire that DCI cease calling, DCI disregards that communication as if it had not been made.

36.     DCI's policy and practice is that when a consumer verbally communicates his or her desire that DCI cease calling, DCI does not record that request in DCI's records related to the debt DCI is seeking to collect from the consumer.

37.     In this case, DCI followed the aforementioned policy and practice when each Plaintiff communicated his or her desire that DCI stop calling him or her.

## LEGAL ARGUMENTS COMMON TO ALL PLAINTIFFS

38.     Section 1692d of the FDCPA provides, in part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

39.     Where a consumer has communicated his or her desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume and pattern of the calls may evidence intent to harass in violation of Section 1692d. *See Majeski v. I.C. Sys., Inc.,* 2010 U.S. Dist. LEXIS 1830, *5-7 (N.D. Ill. Jan. 8, 2010).

40.     Section 1692f of the FDCPA provides, in part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*See* 15 U.S.C. §1692f.

41.   Where a question exists as to whether a debt collector's alleged misconduct violations
      Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial
      stage is to allow the consumer to pursue claims under both sections. *See Davis v.*
      *Diversified Consultants, Inc.,* 2014 U.S. Dist. LEXIS 87867, *25 (D. Mass. June 27,
      2014); *citing Rush v. Portfolio Recovery Associates, LLC,* 977 F. Supp. 2d 414, 432
      (D.N.J. 2013).

42.   DCI's maintenance of policies and practices, which in themselves violate the FDCPA,
      are further evidence of DCI's intent to harass. *See Anchondo v. Anderson, Crenshaw*
      *& Associates, L.L.C.,* 256 F.R.D. 661, 2009 U.S. Dist. LEXIS 32369 (D. N.M. Mar.
      16, 2009) (debt collector's intent to violate the FDCPA may be inferred by its
      maintenance of policies and procedures which, in themselves, violate the FDCPA); *see*
      *also Kromelbein v. Envision Payment Solutions, Inc.,* 2013 U.S. Dist. LEXIS 107762,
      *18 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of
      [FDCPA] as the rogue act of an individual employee. If anything, a company policy
      that violates the FDCPA is a more egregious transgression because it indicates
      endemic, rather than isolated, disregard for debtor rights.").

43.   Section 559.72 of the FCCPA provides, in part:

      Prohibited practices generally. – In collecting consumer debts, no
      person shall:

      * * *

            (7)  Willfully communicate with the debtor or any member
            of her or his family with such frequency as can reasonably
            be expected to harass the debtor or her or his family, or
            willfully engage in other conduct which can reasonably be

expected to abuse or harass the debtor or any member of her
or his family...

*See* Fla. Stat. § 559.72(7).

## INDIVIDUAL COUNTS AS TO EACH PLAINTIFF

### COUNT ONE – *Tavaris Fluellen*

#### Violation of the Fair Debt Collection Practices Act

44. Tavaris re-alleges and incorporates by reference Paragraphs 1 and 5-42 above as if
fully set forth herein.

45. Within the past twelve months, and before, DCI has been calling Tavaris on his cellular
phone in connection with the collection of a debt.

46. During one communication, around April 2016, Tavaris communicated his desire that
DCI cease calling him, thus indicating that any and all future calls were inconvenient.

47. Despite this communication, DCI continued to call Tavaris on his cellular phone.

48. On numerous occasions, DCI called Tavaris multiple times a day.

49. DCI's continued calls caused frustrated Tavaris and caused him emotional distress.

50. DCI violated 15 U.S.C. § 1692c(a)(1) by calling Tavaris at a time or place known to be
inconvenient for Tavaris.

### COUNT TWO – *Tavaris Fluellen*

#### Violation of the Fair Debt Collection Practices Act

51. Tavaris re-alleges and incorporates by reference Paragraphs 1, 5-42 and 45-49 above as
if fully set forth herein.

52. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not
prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.,*

-8-

591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

53. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

54. The likely effect of DCI's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Tavaris.

55. DCI violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Tavaris in connection with the collection of the debt.

## *COUNT THREE – Tavaris Fluellen*

### Violation of the Fair Debt Collection Practices Act

56. Tavaris re-alleges and incorporates by reference Paragraphs 1, 5-42 and 45-49 above as if fully set forth herein.

57. DCI violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### *COUNT FOUR – Tavaris Fluellen*

**Violation of the Florida Consumer Collection Practices Act**

58.     Tavaris re-alleges and incorporates by reference Paragraphs 1, 4-43 and 45-49 above
        as if fully set forth herein.

59.     DCI willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with
        Tavaris with such frequency as can reasonably be expected to harass Tavaris, or
        engaging in other conduct which can reasonably be expected to abuse or harass
        Tavaris.

### *COUNT ONE – Kristi Kutzke*

**Violation of the Fair Debt Collection Practices Act**

60.     Kristi re-alleges and incorporates by reference Paragraphs 2 and 5-42 above as if fully
        set forth herein.

61.     Within the past twelve months, and before, DCI has been calling Kristi on her cellular
        phone in connection with the collection of a debt.

62.     Shortly after the calls began, around October 2016, Kristi communicated her desire that
        DCI cease calling her, thus indicating that any and all future calls were inconvenient,
        and then hung up on DCI.

63.     Despite this communication, DCI continued to call Kristi on her cellular phone
        including during inconvenient times.

64.     Kristi believes DCI called her over 40 times after Kristi told DCI to stop calling her.

65.     DCI's continued calls caused frustrated Kristi and caused her emotional distress.

66. DCI violated 15 U.S.C. § 1692c(a)(1) by calling Kristi at a time or place known to be inconvenient for Kristi.

### COUNT TWO – Kristi Kutzke

### Violation of the Fair Debt Collection Practices Act

67. Kristi re-alleges and incorporates by reference Paragraphs 2, 5-42 and 61-65 above as if fully set forth herein.

68. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

69. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

70. The likely effect of DCI's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Kristi.

71. DCI violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Kristi in connection with the collection of the debt.

### COUNT THREE – *Kristi Kutzke*

#### Violation of the Fair Debt Collection Practices Act

72.   Kristi re-alleges and incorporates by reference Paragraphs 2, 5-42 and 61-65 above as if fully set forth herein.

73.   DCI violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

### COUNT FOUR – *Kristi Kutzke*

#### Violation of the Florida Consumer Collection Practices Act

74.   Kristi re-alleges and incorporates by reference Paragraphs 2, 4-43 and 61-65 above as if fully set forth herein.

75.   DCI willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Kristi with such frequency as can reasonably be expected to harass Kristi, or engaging in other conduct which can reasonably be expected to abuse or harass Kristi.

### COUNT ONE – *Lorinda Payne*

#### Violation of the Fair Debt Collection Practices Act

76.   Lorinda re-alleges and incorporates by reference Paragraphs 3 and 5-42 above as if fully set forth herein.

77.   Within the past twelve months, DCI began calling Lorinda on her cellular phone in connection with the collection of a debt.

78.   During one of the initial conversations, and on more than one occasion thereafter, Lorinda begged DCI to stop calling her, thus indicating that any and all future calls were inconvenient.

79. During one of the initial conversations, and on multiple occasions, thereafter, Lorinda explained she was on a fixed income and could not make the payment DCI demanded and offered to make a small payment if DCI would agree to stop calling her.

80. Despite these communications, DCI continued to call Lorinda on her cellular phone.

81. On more than one occasion, DCI called Lorinda multiple times a day.

82. Unable to get the calls to stop through verbal pleas, out of helplessness, Lorinda sent DCI an unsolicited small payment hoping to show DCI that she was not unwilling to pay "something" just that she couldn't make the payments in the amount DCI demanded based on her fixed income.

83. Although DCI confirmed receipt of the payment, and negotiated the same, DCI ignored Lorinda's continued and renewed pleas for DCI to stop calling and threateningly told Lorinda that it would continue to call her.

84. True to DCI's word, DCI continued to call Lorinda and these calls frustrated Lorinda and caused her anxiety, emotional distress and interfered with her right to privacy.

85. DCI violated 15 U.S.C. § 1692c(a)(1) by calling Lorinda at a time or place known to be inconvenient for Lorinda.

### *COUNT TWO – Lorinda Payne*

**Violation of the Fair Debt Collection Practices Act**

86. Lorinda re-alleges and incorporates by reference Paragraphs 3, 5-42 and 77-84 above as if fully set forth herein.

87. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.,*

591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

88. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

89. The likely effect of DCI's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Lorinda.

90. DCI violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Lorinda in connection with the collection of the debt.

## *COUNT THREE – Lorinda Payne*

### Violation of the Fair Debt Collection Practices Act

91. Lorinda re-alleges and incorporates by reference Paragraphs 3, 5-42 and 77-84 above as if fully set forth herein.

92. DCI violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## *COUNT FOUR – Lorinda Payne*

### Violation of the Florida Consumer Collection Practices Act

93. Lorinda re-alleges and incorporates by reference Paragraphs 3, 4-43 and 77-84 above as if fully set forth herein.

94. DCI willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Lorinda with such frequency as can reasonably be expected to harass Lorinda, or engaging in other conduct which can reasonably be expected to abuse or harass Lorinda.

### JURY DEMAND

95. Each Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

96. Each Plaintiff prays for the following relief:

   a. Judgment against DCI, in favor of each Plaintiff, for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. Judgment against DCI, in favor of each Plaintiff, for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: November 30, 2017                    By: /s/ H. Karen Gatto _____

                                           *Of Counsel*
                                           H. Karen Gatto, Esq. (FL Bar No.: 0190527)
                                           HYSLIP & TAYLOR, LLC, LPA
                                           8270 Woodland Center Blvd.
                                           Tampa, FL 33614
                                           Phone: 800-675-5507
                                           Email: Kgatto@gattolaw.com

                                           *Attorney for Plaintiff*